739 P.2d 438

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Randy NAB, Defendant-Appellant.**

**Randy D. NAB, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

Nos. 16351, 16670.

Court of Appeals of Idaho.

June 25, 1987.

Randy D. Nab, pro se.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Justice.

Following a jury verdict of guilty, a judgment of conviction was entered against Randy Nab for the felony crime of escape. His subsequent application for post-conviction relief—alleging his conviction for escape was not supported by the facts presented at trial—was denied by the trial court. Nab timely appealed both from the judgment of conviction and from the order denying post-conviction relief. The appeals have been consolidated before us for disposition. Construing the statute under which Nab was charged with escape, I.C. § 18-2506, in light of the evidence presented at Nab's trial, we hold that Nab should not have been charged with or convicted of felony escape. We reverse the judgment of conviction. Our disposition renders moot the appeal from the post-conviction proceeding.

The essential facts are as follows. Shortly after midnight in Jerome, Idaho, a police officer observed a vehicle traveling erratically along the city's streets. The officer stopped the vehicle and confronted the driver, Randy Nab. Nab was uncooperative. The officer informed Nab that he was under arrest for reckless driving, handcuffed him, placed him in the front seat of the patrol car, and locked the door. The officer had begun to secure Nab's vehicle, when he heard Nab exit the patrol car. Nab allegedly kicked the officer in the groin before fleeing on foot. The offi-cer gave chase and quickly succeeded in apprehending Nab.

Nab was charged with felonious escape pursuant to I.C. § 18-2506, which reads:

*Escape by one charged with or convicted of a misdemeanor.*—Every prisoner charged with or convicted of a misdemeanor who is confined in any county jail or other place or who is engaged in any county work outside of such jail or other place, or who is in the lawful custody of any officer or person, who escapes or attempts to escape therefrom, is guilty of a misdemeanor; however, in cases involving escape or attempted escape by use of threat, intimidation, force, violence, injury to person or property other than that of the prisoner, or wherein the escape or attempted escape was perpetrated by use or possession of any weapon, tool, instrument or other substance, the prisoner shall be guilty of a felony.

At Nab's trial, following presentation of the state's case-in-chief, Nab moved for dismissal, contending the state had failed to prove that he had been "charged with or convicted of a misdemeanor" at the time he fled from the officer. The state readily admitted that Nab had not been charged, but argued that being in the lawful custody of an officer was an alternative element of the crime. The trial judge reserved ruling on the motion.

Nab's proposed jury instructions were consistent with his interpretation of I.C. § 18-2506. The state proposed only that the statute be given in its entirety as an instruction to the jury. Thereafter, the trial judge read the statute to the jury and instructed the jury that the state was required to prove, among other elements of the crime, that Nab had been charged with a misdemeanor when he attempted to escape. However, during closing arguments, when defense counsel began to describe the "seven" elements of the crime, the judge interrupted and called a bench conference. After the conference, defense counsel continued his argument to the jury by describing "six" elements and indicating that the phrase "had been charged" and

"in lawful custody" were *alternative* elements of the crime. Following closing argument the court informed the jury that Instruction 12 had been amended to reflect this interpretation.[1]

No record of this bench conference has been supplied on appeal; in all likelihood, none was made. Evidently, the trial court had decided to deny Nab's motion to dismiss, and, *sua sponte*, decided to amend the jury instruction to reflect the state's theory of the law. On appeal, Nab contends that this amended instruction was in error and that his motion to dismiss should have been granted. Our examination of the statute in question leads us to agree.

■ Principles of statutory interpretation require this Court to ascertain and give effect to legislative intent. *Mix v. Gem Investors, Inc.*, 103 Idaho 355, 647 P.2d 811 (Ct.App.1982). A clearly expressed intent of the legislature must be given effect. Where the language of the statute is unambiguous there is no occasion for application of the principles of construction. *Worley Highway Dist. v. Kootenai County*, 98 Idaho 925, 576 P.2d 206 (1978).

Here, the state asserts that the statute is "clear" and plain on its face. In essence, the state argues that the statute may be read as follows: "Every prisoner ... who is in the lawful custody of any officer or person, who escapes or attempts to escape therefrom, is guilty of a misdemeanor [or a felony if threat or force is used]." The state invites attention to the punctuation of the statute. Specifically, the state contends that the placement of a comma before the "lawful custody" phrase—but not between the "confined" and "engaged" clauses—suggests that, unlike the work release provision of the statute, "lawful custody" is not merely another form of con-

structive confinement. It may be an alternative to the condition of having been charged with or convicted of a misdemeanor. We find the argument strained. Moreover, punctuation alone is not conclusive. "When punctuation discloses a proper legislative intent or conveys a clear meaning the courts should give weight to it as evidence." 2A SUTHERLAND ON STATUTES AND STATUTORY CONSTRUCTION § 47.15 at 157 (4th ed. 1984). However, "[w]hen the act as punctuated is inconsistent with what is otherwise established to be the clear intent or meaning the punctuation should be disregarded." *Id.*

■ We find the statute is clear, but with a meaning different from that ascribed by the state. To us it is plain and unambiguous that "prisoner charged with or convicted of a misdemeanor" is a unified phrase which is then followed by several alternative modifying clauses. Thus, the prisoner must be (1) charged with or convicted of a misdemeanor, *and* (2) *either* confined in any county jail or other place *or* engaged in any county work outside of such jail or other place *or* in lawful custody of any officer or person. Even if we were persuaded the statute was ambiguous, we would be constrained by the principle of lenity to reach the same result. *State v. McKaughen*, 108 Idaho 471, 700 P.2d 93 (Ct.App.1985) (criminal statutes are strictly construed in their substantive elements); *Rewis v. United States*, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971) (ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity).

■ We hold that the trial court erred by instructing the jury that having been charged and having been in lawful custody were alternative elements of I.C. § 18–

---

1. The amendment involved only the addition of a simple, but critical, "or" to the defendant's proposed instruction. In its final form, Instruction number 12 read:

    Prior to rendering a guilty verdict in this case, the jury must first find beyond a reasonable doubt, that the following facts exist:
    1. That on Sunday, May 26, 1985, at or about 1:04 a.m.,
    2. The defendant, Randy Nab,

    3. who had been charged with or convicted of a misdeamnor [sic], *or* [emphasis added]
    4. was in the lawful custody of Dan Chatterton as a consequence of a lawful arrest,
    5. that Dan Chatterton was a Jerome City Police Officer then on duty,
    6. that the defendant, Randy Nab, escaped from such custody,
    7. with violence by kicking Officer Chatterton.

2506. Because the state conceded that Nab had *not* been charged with a misdemeanor prior to his flight, the defendant's motion to dismiss should have been granted.[2] Having reached this conclusion, it is unnecessary for us to address Nab's appeal from denial of his post-conviction relief application. The judgment of conviction for felony escape is reversed.

BURNETT and SWANSTROM, JJ., concur.

---

2. Because the state does not argue that Nab had been charged or convicted within the meaning of § 18–2506, we do not decide what specific acts are required to "charge" a defendant and, thus, subject him to the escape statute. Moreover, the state is not without recourse against persons who assault—and flee from—arresting police officers without being subject to the escape statute, as was Nab in this case. I.C. § 18–705 provides criminal sanctions for wilful-

ly resisting, delaying or obstructing a public officer while such officer is attempting to discharge an official duty. *See In re Culver,* 69 Cal.2d 898, 73 Cal.Rptr. 393, 447 P.2d 633 (1968); *State v. Pruett,* 213 Kan. 41, 515 P.2d 1051 (1973). Also, Idaho's assault and battery statutes provide for a stiffer penalty when the victim is a law enforcement officer. I.C. § 18–915.