THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID L. PALMER, Defendant-Appellant.

Fourth District   No. 4—89—0967

Opinion filed October 25, 1990.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant David L. Palmer appeals from the order of the circuit court of Vermilion County dismissing his petition to vacate his conviction for the offense of attempt (escape). We affirm.

On December 29, 1978, defendant was convicted of bank robbery (18 U.S.C. §2113(d) (1976)) in the United States District Court for the Eastern District of Illinois and was sentenced to 25 years' imprisonment. Pursuant to a contract with the United States government, defendant was incarcerated pending trial at the Public Safety Building in Vermilion County. There, the defendant and another prisoner carried out a failed escape attempt. Defendant was subsequently charged by information with two counts of aggravated battery, two counts of armed violence, one count of attempt (murder), and two counts of attempt (escape). Ill. Rev. Stat. 1977, ch. 38, pars. 12—4, 33A—2, 8—4, 9—1, 31—6.

Following a jury trial in the circuit court of Vermilion County, defendant was convicted of attempt (escape), two counts of aggravated battery, armed violence, and attempt (murder). Defendant was sentenced to two years' and five years' imprisonment for the two aggravated battery convictions and 30 years each for the convictions of armed violence and attempt (murder), each sentence to be served concurrently following defendant's bank robbery sentence. Additionally, defendant received a five-year sentence for attempt (escape), to run consecutively to the foregoing concurrent terms.

Defendant was placed on Federal parole and began serving his Illinois sentences in 1987. In June 1987, defendant filed a petition for post-conviction relief. The trial court dismissed defendant's motion, and this court affirmed the trial court's order. (*People v. Palmer* (1988), 167 Ill. App. 3d 1171 (unpublished order under Supreme Court Rule 23).) In September 1988, defendant filed a petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401), requesting that his conviction and sentence for attempt (escape) be vacated as a void judgment. Following a hearing, the trial court granted the State's motion to dismiss. The defendant filed timely notice of appeal.

Defendant contends that the trial court erred in dismissing his petition to vacate his conviction. Defendant reasons that his attempt (escape) conviction is void because the offense he committed does not fall within the purview of the Illinois escape statute. (Ill. Rev. Stat. 1977, ch. 38, par. 31—6.) We find defendant's construction of the statute impermissibly narrow and inconsistent with the intent of the legislature.

Section 31—6(a) of the Criminal Code of 1961 (Code), as was codified at the time of defendant's offense, provides: "[a] person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony." (Ill. Rev. Stat.

1977, ch. 38, par. 31—6(a).) The Code defines "felony" as "an offense for which a sentence to death or to a term of imprisonment in a penitentiary for one year or more is provided." (Ill. Rev. Stat. 1977, ch. 38, par. 2—7.) "Offense" is defined as "a violation of any penal statute *of this State.*" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 2—12.

Defendant seizes upon the foregoing definitions to support his argument that his conviction for attempt (escape) is void because, at the time of his attempted escape, he was not charged with a violation of a penal statute of this State. We are unpersuaded by defendant's statutory construction.

■■ ■ It is well established that the prime consideration in construing a statute is to give effect to the intent of the legislature. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31, 35.) In ascertaining the intent of the legislature, the entire statute must be considered, along with the evil to be remedied and the objective to be obtained. (*In re C.T.* (1985), 137 Ill. App. 3d 42, 46, 484 N.E.2d 361, 364.) The legislative intent underlying the escape statute is clear. The ends of justice and the protection of the public require that prisoners incarcerated in Illinois penal institutions remain so until the appropriate time for their release, regardless of whether they are charged with State or Federal offenses. Our construction of section 31—6 is supported by section 2—.5 of the Code, which provides that "the words and phrases described in this Article have the meanings designated in this Article, except when a particular context clearly requires a different meaning." (Ill. Rev. Stat. 1977, ch. 38, par. 2—.5.) In this context, we are required to define "felony" to include both State and Federal crimes punishable by death or a term of imprisonment of one year or more.

■ Accordingly, we conclude that section 31—6 of the Code does not require that the escapee be confined pursuant to a State charge or conviction, only that the escapee be in the custody of a State penal institution or an employee of that institution.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.