824 P.2d 920

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeannie A. WILKERSON, Defendant–Appellant.**

No. 18479.

Court of Appeals of Idaho.

Feb. 7, 1992.

Jonne' E. Kohler, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion dated February 5, 1992, is hereby withdrawn.

SWANSTROM, Judge.

This is the second appeal by Jeannie Wilkerson, in the same case, from a jury conviction for resisting and obstructing an officer in the discharge of his duty. I.C.

§ 18–705. Both convictions involve the same incident where Wilkerson refused to allow a wrecker to tow her son's pickup from an accident scene, after a deputy sheriff had requested the towing. After her first conviction, Wilkerson appealed to the district court contending that whether the officer was performing a duty was a question to be determined by the jury. The district court vacated the judgment and remanded the case with a directive that the trial court properly instruct the jury regarding the scope of a police officer's duties. On appeal before this Court, the district court's decision was upheld. *State v. Wilkerson,* 114 Idaho 174, 755 P.2d 471 (Ct.App.1988), *aff'd,* 115 Idaho 357, 766 P.2d 1238 (1988) (hereinafter *Wilkerson I*).

Upon remand, a new trial was conducted in magistrate division. Again a jury convicted Wilkerson of violating I.C. § 18–705. After she was sentenced, Wilkerson appealed to the district court where the conviction was affirmed. She has appealed again. Wilkerson contends that two of the jury instructions were erroneous. The issues presented to us are whether instructions sixteen and seventeen were contrary to the remand order and inconsistent with the appellate decision in *Wilkerson I;* and whether the instructions had decided an issue of fact which was to be decided by the jury. We also must address whether Wilkerson may raise a purported error in an instruction where she failed to object to the instruction at trial. We affirm.

Because the evidence presented at the second trial was essentially the same as at the first trial, we will simply recite the facts as stated in our opinion in *Wilkerson I:*

> Late one fall evening, Wilkerson's adult son and two of his friends were in a pickup truck which left the road and overturned in an onion field beside the roadway. He obtained aid at a nearby residence. Wilkerson was summoned. When she arrived at the accident scene, she found the investigating officer, John Taylor, already present. She indicated to Taylor that it was her son's pickup and her son was involved "some way." She immediately left and proceeded to the nearby residence to aid her son.

> Taylor followed Wilkerson to the residence. There he attempted to question her son regarding the accident. The son, who was twenty-two years old, said he had been drinking beer; that he had been riding in the pickup with two juveniles; that he was not the driver; and that he did not know what happened to the other two occupants of the vehicle. However, Wilkerson, who apparently had been in contact with an attorney, advised her son not to answer further. Wilkerson indicated she was going to transport her son to the hospital. Taylor asked that the son remain at the hospital until he arrived.

> Apparently Taylor had called for a tow truck when he first arrived at the accident scene. He informed Wilkerson, "[W]hen you folks get done, you can come down to the County Sheriff's Office and get your truck, it's been impounded, okay?" During the ensuing conversation, Wilkerson explained that she had independently called another towing company to tow the pickup "home." Taylor responded that the vehicle would be impounded at the sheriffs office until the investigation was completed. He informed Wilkerson that a failure to cooperate would result in a citation for obstructing an officer in the performance of his duties. Taylor then returned to the scene of the accident.

> The tow truck requested by Taylor soon arrived. The operator righted the pickup and began to attach it to his tow truck. At that point, Wilkerson arrived, stood in front of the pickup within the tow truck rigging, and demanded that the tow truck operator release the vehicle. She explained that she wanted another towing firm to remove the vehicle. The operator summoned Taylor, who was up on the roadway.

> Taylor asked Wilkerson to remove herself from the rigging and to permit removal of the pickup. When she refused, Taylor radioed his supervisor. The supervisor instructed Taylor to arrest Wilkerson for obstructing an officer in the

performance of a duty. According to the tow truck operator, Taylor then warned Wilkerson that continuing to block removal of the pickup would result in her arrest. Her response was: "Arrest me. I won't move. This is my rig." When she refused to move, Taylor forcibly removed her from the rigging, handcuffed her, and placed her in his patrol car. After Taylor returned to the pickup, Wilkerson began to kick a window of the officer's vehicle. Taylor returned to his patrol car, hobbled Wilkerson, and with the assistance of paramedics treated her for hyperventilation. As indicated above, Wilkerson subsequently was cited for violating I.C. § 18–705.

*Wilkerson,* 114 Idaho at 175, 755 P.2d at 472. *See also* dissenting opinion of Justice Bakes in 115 Idaho at 358–59, 766 P.2d at 1239–40.

Because the district court acted as an appellate court reviewing the jury instructions given by the magistrate, we review those same issues in light of, but independent from, the district court's decision. *Robinson v. Joint School District No. 331,* 105 Idaho 487, 670 P.2d 894 (1983). We review jury instructions, "with careful attention to the language used and as reasonable jurors would have interpreted [them]." *State v. Gilman,* 105 Idaho 891, 896, 673 P.2d 1085, 1090 (Ct.App.1983) (citing *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)). Jury instructions are read in their entirety, and as a whole. *State v. Enno,* 119 Idaho 392, 807 P.2d 610 (1991).

At the retrial, Wilkerson failed to object to instruction sixteen,[1] however, she did object to instruction seventeen.[2] In the appeal to the district court, the court

agreed with the state's argument that Wilkerson could not raise any asserted error in instruction sixteen as an issue on appeal, where she had failed to object to that instruction below, unless giving the instruction had constituted fundamental error. The state makes the same argument to this Court.

The issue of when a party may appeal an instruction in a criminal case without having objected to it at trial has been clarified by our Supreme Court. *State v. Smith,* 117 Idaho 225, 786 P.2d 1127 (1990). The district court did not have the benefit of *Smith,* however, when it issued its appellate opinion in December, 1989. In *Smith,* the Court held

> that the failure to object to an instruction at trial in a criminal case does not constitute a waiver of any objection to the instruction on appeal. It is apparent that the amendment to I.C.R. 30 that was made in 1980 was designed to parallel the amendments to I.R.C.P. 51(a)(1) made in 1976 and 1977. *See [Country Insurance Company v. Agriculture Development, Inc.],* 107 Idaho [961] at 963, 695 P.2d [346] at 348. By these amendments to our rules of civil and criminal procedure, this Court has indicated that it is not necessary to object to instructions in either civil or criminal cases in order to preserve an issue of the propriety of the instructions.

*Smith,* 117 Idaho at 229, 786 P.2d at 1131. Because *Smith* clarified the 1980 change to I.C.R. 30, which has been in effect at all stages of this case, we apply its holding without discussing rules governing the retrospective application of case holdings.

---

1. Instruction 16 reads:

   If you find that Officer John Taylor impounded the Wilkerson pickup under the abandoned motor vehicle statutes of the State of Idaho and that the Wilkerson pickup was not an abandoned motor vehicle, and if you find that [the] Wilkerson pickup was not a stolen vehicle, and if you find that the Wilkerson pickup was not found under extraordinary circumstances, as defined, then you must find that Officer Taylor was acting outside the

   scope of his duty under the abandoned motor vehicle statutes of the State of Idaho.

2. Instruction 17 reads:

   If you find that Officer John Taylor did not impound the Wilkerson pickup as an abandoned motor vehicle or as a stolen motor vehicle, or as found under extraordinary circumstances as set forth in the Idaho laws dealing with abandoned motor vehicles then, in that case, the provisions of that law are inapplicable to this case.

I

Wilkerson first contends that instruction sixteen is contradictory, confusing, and against the directions of the remand order of this Court as approved by the Supreme Court in *Wilkerson I.* Wilkerson contends that instruction sixteen requires that the pickup not be an abandoned vehicle in order to apply, and yet that it also requires that the pickup had to have been impounded under the abandoned motor vehicle statutes; and thus, the instruction mandated a jury finding that Officer Taylor was acting within his duty.

■ Wilkerson's argument in support of her contention is difficult to follow and it exhibits an unreasonable interpretation of instruction sixteen. Furthermore, it appears that Wilkerson is now taking a position contrary to the one taken at trial. During the discussion of proposed jury instructions, before they were finalized by the magistrate, Wilkerson's counsel stated—in support of her argument for excluding instruction seventeen—that, "instruction sixteen is quite clear … and also is in accordance with the [appellate] decision." We believe that this affirmation of correctness goes well beyond a mere failure to object to the instruction. As a consequence, we decline to say that Wilkerson can invoke the *Smith* decision to enable her to argue contrary to the position she affirmatively presented to the trial court. If any error existed in instruction sixteen, as Wilkerson now contends, she invited the error, and we will not consider it on appeal. *State v. Stuart,* 110 Idaho 163, 169–70, 715 P.2d 833, 839–40 (1986).

■ We nevertheless think that the instruction, although maybe not perfect, adequately presents the idea that, if Officer Taylor impounded the vehicle under color of the abandoned motor vehicle statutes,[3] but the vehicle was not in fact abandoned, stolen, or found under extraordinary circumstances,[4] then Officer Taylor was mis-

taken about his authority pursuant to the abandoned motor vehicle statutes and acted beyond his duty under those statutes. Wilkerson has not presented a sound argument in support of her change of position since the time of trial, that instruction sixteen misstates the law. We review jury instructions as a reasonable jury would interpret them. *State v. Gilman, supra.* We hold that reasonable jurors would not have interpreted instruction sixteen as Wilkerson contends, namely, in only one fashion which would *necessarily* result in the finding that Officer Taylor was acting within the scope of his duty.

■ Wilkerson further argues that instruction seventeen is in direct conflict with jury instructions mandated by the previous appellate decisions. The instructions Wilkerson refers to are instructions that she proposed and which the magistrate rejected in her first trial. *Wilkerson,* 114 Idaho at 176, 755 P.2d at 473. On that appeal, we did not mandate that the magistrate charge the jury on remand with those specific instructions; rather, we directed the court below to properly instruct the jury "regarding the scope of a police officer's duty." *Id.* at 180, 755 P.2d at 477.

The instructions also described other duties of a law enforcement officer, and they must be read as a whole. *State v. Enno, supra.* Among the jury instructions given by the magistrate were: (2) the elements of the crime charged; (11) the duties of a sheriff to investigate crimes and wrecks; (12) the duties of a public officer include those necessary to carry out the purposes of their office even if they may be incident to his main duties; (13) among the duties of a deputy sheriff is the duty to impound a vehicle, if he has probable cause to do so in the course of the investigation of a crime; (14) relevant portions from the abandoned motor vehicle statutes of Idaho; and (15) the definition of an agent.

---

**3.** Now codified at I.C. §§ 49–1801, 49–1818. Formerly codified at I.C. §§ 49–3601—49–3622.

**4.** Instruction 14 set out the applicable provisions of the abandoned motor vehicle statutes

including the definitions of "abandoned motor vehicle," "stolen motor vehicle," and "extraordinary circumstances."

■ Wilkerson also contends that instructions sixteen and seventeen taken together would lead a jury to conclude that there were no circumstances in which an individual in Wilkerson's position could request her own towing company. The prosecutor stated in closing argument that an owner had the right to require the towing company of her choice only under the abandoned motor vehicle statutes. Wilkerson asserts that the prosecutor's argument coupled with instruction seventeen, would force the jury to find Wilkerson guilty because she would have no right to use her preferred towing company.

This argument is based on the implicit premise that if Wilkerson cannot prove a chosen defense, namely, that she had a right to use the towing company of her choice, then she is necessarily guilty. This is a faulty premise. The jury was clearly instructed on the elements of the crime and that the burden of proof rested upon the state. Reading the instructions as a whole and as reasonable jurors would, we cannot conclude that the effect of the instructions was to shift the burden of proof upon Wilkerson as her argument implies. *State v. Randles*, 117 Idaho 344, 787 P.2d 1152 (1990). We think instruction seventeen properly charged the jury that if it found that Officer Taylor did not impound the vehicle pursuant to the provisions of the abandoned motor vehicle statutes, then the provisions of that law did not apply to the case. Furthermore, as the jury could have reasonably inferred from the other instructions, an officer's authority to have vehicles towed may arise from the proper exercise of duties other than those enumerated in the abandoned motor vehicle statutes.

## II

■ Wilkerson's second main contention is that the two instructions effectively decided that the vehicle actually had been impounded, which was a factual question to be decided by the jury. In her brief, Wilkerson specifically sets forth the clauses in the instructions which she alleges decided the factual question: (sixteen) "If you find that Officer John Taylor impounded the Wilkerson vehicle ..." and (seventeen) "If you find that Officer John Taylor did not impound the Wilkerson vehicle as an abandoned motor vehicle...." Wilkerson's contention that the above excerpts decided a factual question for the jury does not comport with the plain and reasonable meaning of the quoted language. We hold that the combined instructions did not decide that the vehicle was impounded, but that they properly charged the jury with this factual issue.

The jury instructions complained of were proper. We therefore affirm the judgment of conviction.

WALTERS, C.J., and SILAK, J., concur.