874 P.2d 608

STATE of Idaho, Plaintiff–Respondent,

v.

Trent SWISHER, Defendant–Appellant.

No. 20642.

Court of Appeals of Idaho.

May 13, 1994.

---

Timothy L. Felton, Weiser, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Ira T. Burton, Sp. Deputy Atty. Gen., Boise, for plaintiff-respondent.

LANSING, Judge.

Trent Swisher appeals from his conviction for felony escape, I.C. § 18–2505. He as-

---

serts error in the district court's denial of Swisher's motion to dismiss the charges. We find his arguments to be unpersuasive and affirm.

In early February 1993, Swisher was incarcerated in the Washington County, Idaho, jail, awaiting extradition to California upon a warrant issued by that state. Swisher had been charged in California with two felonies as well as a violation of terms of the probation he was serving on a previous felony conviction. On February 7, 1993, Swisher escaped from the Washington County jail, but he was subsequently apprehended and reincarcerated.

Swisher was then charged with felony escape, a violation of I.C. § 18–2505. That statute provides in relevant part:

> Every prisoner charged with, convicted of, or on probation for a felony who is confined in any jail or prison including the state penitentiary, ... who escapes or attempts to escape from ... such jail or prison, ... shall be guilty of a felony, and upon conviction thereof any such second term of imprisonment shall commence at the time he would otherwise have been discharged.[1]

Swisher filed a motion to dismiss the information on the ground that he had not violated I.C. § 18–2505. He contended that Section 18–2505 applies only to persons who have been incarcerated pursuant to Idaho felony charges or convictions. He argued that since he had been charged only with felonies in California and not with any felony in the State of Idaho at the time of his escape, he could not be prosecuted for the escape. The district court denied the motion to dismiss. Swisher then entered a conditional plea of guilty to the charge, reserving his right to appeal the denial of his motion.

Swisher's argument presents an issue of statutory interpretation, a matter which we freely review. *State v. Nelson*, 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991). Our task in interpreting a criminal statute is to ascertain and give effect to the underlying legislative intent. *Nelson*, 119 Idaho at 446, 807 P.2d at 1284; *State v. Nab*, 112 Idaho 1139, 1141, 739 P.2d 438, 440 (Ct.App.1987). Where a statute is clear on its face, rules of construction are inapplicable in determining its intent. *Id.* The issue presented here is whether, when the legislature used the language, "charged with, convicted of or on probation for a *felony*," it intended to include felonies charged in other jurisdictions for which the defendant is being detained in Idaho.

Swisher asserts that the meaning of "felony" in I.C. § 18–2505 is determined by the definition of "felony" in I.C. § 18–111, which states: "A felony is a crime which is punishable with death or with imprisonment in the state prison." This definition, he avers, establishes that only those charged with or convicted for felonies punishable by death or imprisonment in Idaho come within the purview of I.C. § 18–2505. We cannot accept Swisher's argument. Section 18–111 does not purport to define a word, but rather establishes a level of offense, distinguishing felonies from infractions and misdemeanors based upon the magnitude of the penalty which may be imposed. *Compare* I.C. § 18–101 which defines terms to establish their meaning when used elsewhere in the criminal code. We conclude that the provisions of Section 18–111 in no way limit the application of Section 18–2505.

Swisher also relies upon I.C. § 18–202.[2] That statute defines the limits of this state's jurisdiction to punish criminals, restricting that jurisdiction to those who commit all or a portion of a crime within this state. We find that statute inapposite. Section 18–202 addresses limits upon the territorial jurisdiction

---

1. A companion statute, I.C. § 18–2506, makes punishable as a misdemeanor an escape by one who is confined on charges of, or conviction for, a misdemeanor.

2. Section 18–202 provides:

> The following persons are liable to punishment under the laws of this state:

> 1. All persons who commit, in whole or in part, any crime within this state.
> 2. All who commit larceny or robbery out of this state, and bring to, or are found with the property stolen, in this state.
> 3. All who, being out of this state, cause or aid, advise or encourage, another person to commit a crime within this state and are afterwards found therein.

of Idaho courts in enforcing criminal laws; it provides no guidance in ascertaining the legislature's intent in using the term "felony" in Section 18–2505.

We turn now to the legislature's intent as expressed through Section 18–2505 itself. It is evident that the legislative purpose underlying this section is to preserve the integrity of Idaho's jails and penal institutions, to deter escapes by those who are lawfully confined in Idaho correctional facilities and to prevent harm to the public that may be effected by such persons while at large. That purpose applies no less to those charged with or convicted for felonies in foreign jurisdictions than to detainees held for commission of felonies in Idaho. We cannot ascribe to the Idaho legislature the incongruous intent that prisoners who escape from detention on Idaho charges should be subject to the penalty of Section 18–2505 while escapes by those detained on warrants from other jurisdictions should go unpunished.

Swisher urges that the statute in question is ambiguous and argues for application of the principle that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. *See Rewis v. United States*, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971); *Nab*, 112 Idaho at 1141, 739 P.2d at 440. However, we find no ambiguity in Section 18–2505. The scope of that statute is not limited by its terms to persons confined for felonies alleged to have been committed in Idaho. The narrow interpretation offered by Swisher would frustrate the clear legislative intent and lead to the bizarre result that persons lawfully incarcerated in Idaho for convictions or charges in other jurisdictions could escape from confinement with impunity.

Our conclusion is consistent with decisions from other states interpreting similar statutes. In *People v. Davis*, 166 Cal.App.3d 760, 212 Cal.Rptr. 673 (1985), the California Court of Appeals addressed a nearly identical issue. There, the defendant, while being held in a county jail on federal felony charges, escaped. Upon being prosecuted for escape, the defendant argued that since he was not charged with any state felony, he could not be charged with escape. The relevant California statute made it a crime for a prisoner "arrested and booked for, charged with, or convicted of a felony" to escape from jail. The defendant pointed out that "felony" was defined by another provision of the code as, "a crime which is punishable with death or by imprisonment in the state prison." In rejecting defendant's argument, the California court stated:

> In determining the meaning of "felony," as used in section 4532(b), our primary concern is to ascertain the Legislature's intent so as to effectuate the law's purpose. "We must read the statute in light of both the objective it seeks to achieve and the evil it seeks to avert." We must also construe the statute "in a reasonable and common sense manner consistent with [its] apparent purpose and the legislative intent underlying [it]—one practical, rather than technical, and one promoting a wise policy rather than mischief or absurdity."
>
> The legislative intent behind section 4532 is obvious: to deter escapes by persons who have been booked and incarcerated, or previously incarcerated and temporarily in custody outside the confinement facility. The evident purpose of such deterrence is to protect the integrity of custodial authority and confinement facilities.
>
> Section 4532(b) in no way limits the scope of the term 'felony' or excludes therefrom foreign felonies. On the contrary, the term, as used, naturally and reasonably includes felonies from any jurisdiction. In light of the purposes which this section was meant to achieve and the evil it seeks to avert, we believe the term should have this all-inclusive scope.

*People v. Davis*, 212 Cal.Rptr. at 675 (citations omitted).

The Illinois Court of Appeals reached a similar conclusion in *People v. Palmer*, 204 Ill.App.3d 878, 149 Ill.Dec. 911, 562 N.E.2d 375 (1990), where the defendant, charged with federal felonies, escaped from a county public safety building where he was being held awaiting trial pursuant to a contract between the United States and the county. After considering an argument for a definition of "felony" similar to that urged by the appellant here, the court held:

The legislative intent underlying the escape statute is clear. The ends of justice and the protection of the public require that prisoners incarcerated in Illinois penal institutions remain so until the appropriate time for their release, regardless of whether they are charged with State or Federal offenses.

*Id.* 149 Ill.Dec. at 913, 562 N.E.2d at 377.

We agree with the *Davis* and *Palmer* courts. Accordingly, we hold that I.C. § 18–2505 applies not only to persons incarcerated on Idaho charges but also to those who may be incarcerated in Idaho pursuant to felony charges or convictions issued in another jurisdiction. The order of the district court denying Swisher's motion to dismiss is affirmed.

WALTERS, C.J., and PERRY, J., concur.