97 P.3d 476

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Monte C. MOON, Defendant–Appellant.**

**No. 29528.**

Court of Appeals of Idaho.

June 21, 2004.

Review Denied Sept. 3, 2004.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

PERRY, J.

Monte C. Moon appeals from the district court's order denying his motion to withdraw his guilty plea pursuant to Idaho Criminal Rule 33(c). We affirm.

## I.

### FACTS AND PROCEDURE

In 1996, Moon pled guilty to one count of rape and one count of escape. In 1997, the district court sentenced Moon to a unified term of fourteen years, with a minimum period of confinement of seven years, for rape and a consecutive unified term of five years, with a minimum period of confinement of three years, for escape. However, the district court retained jurisdiction, and Moon was placed on probation. Later, Moon's probation was revoked and his suspended sentences were executed as originally imposed. Moon did not appeal.

In December 2002, Moon filed a pro se motion to withdraw his guilty plea pursuant to I.C.R. 33(c), arguing that he was not informed of the consequences of his plea and that he lacked knowledge of the crimes so that his decision to plead guilty was not made intelligently. On January 8, 2003, the district court issued an order denying Moon's Rule 33(c) motion finding that he made his plea knowingly, intelligently, and voluntarily. On January 15, 2003, Moon filed an amended motion to withdraw his guilty plea and, less than one week later, filed a motion for reconsideration of his original motion to withdraw his guilty plea.

On January 22, 2003, the district court issued an order denying Moon's amended motion to withdraw his guilty plea on two alternative grounds. The district court found that there was nothing in the amended motion that changed its decision and that it lacked jurisdiction to consider the motion and amended motion based upon this Court's decision in *State v. Jakoski*, Docket No. 27368, 2002 WL 31855374 (Dec. 23, 2002).[1] Moon appeals from the district court's order, arguing that the district court abused its discretion in denying his motion to withdraw guilty plea.

## II.

### ANALYSIS

■ Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct.App.1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to insure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Id.* Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

Moon asserts that the district court abused its discretion in denying his motion to withdraw his guilty plea by retroactively applying the decision in *Jakoski* to his motion. In addition, Moon contends that by denying his

---

**1.** The Idaho Supreme Court granted review of *Jakoski* and issued its own opinion with regard to the jurisdiction of a court to consider motions to withdraw guilty pleas. *See State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003).

motion on the merits, the district court created a manifest injustice.

In denying Moon's Rule 33(c) motion and amended motion, the district court acknowledged this Court's decision in *Jakoski* that a district court loses its jurisdiction to consider motions to withdraw guilty pleas forty-two days after a final judgment is rendered. The district court concluded that, because forty-two days had passed after a final judgment was rendered, it lacked jurisdiction to consider Moon's motion and amended motion.

After the district court denied Moon's motion and amended motion to withdraw his guilty plea, the Idaho Supreme Court granted review of *Jakoski*. The Supreme Court affirmed this Court's ruling that, because Jakoski filed his Rule 33(c) motion more than six years after his judgment of conviction was entered and sentence imposed, the district court lacked jurisdiction to consider the motion. The Supreme Court held that, without a statute or rule extending its jurisdiction, a trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final either by expiration of the time for appeal or affirmance of the judgment on appeal. The Supreme Court explained that Rule 33(c) does not include a provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea and, therefore, once the time to appeal has expired, the district court lacks jurisdiction to hear such a motion.

Moon argues that the district court should not apply *Jakoski* retroactively to his case because it precludes him from receiving notice and an opportunity to be heard on his Rule 33(c) motion. The question of whether to follow the usual rule that retroactive effect be given judicial rulings or whether a particular case should be limited to prospective effect only arises when the rule announced in the more recent case overrules a precedent upon which parties may have justifiably relied. *State v. Tipton*, 99 Idaho 670, 672, 587 P.2d 305, 307 (1978). "When an appellate court overrules past precedent, the jurisprudence of retroactivity comes into play." *Stuart v. State*, 128 Idaho 436, 437, 914 P.2d 933, 934 (1996).

In *State v. Wilkerson*, 121 Idaho 345, 824 P.2d 920 (Ct.App.1992), this Court considered whether to apply a case precedent where the decision was issued by the appellate court after the district court issued its opinion. The precedent at issue discussed a change made to an Idaho criminal rule. This Court concluded that, because the precedent only clarified the change to a rule that had been in effect at all stages of the case, application of the holding to Wilkerson's case was not a retroactive application. *Id.* at 348, 824 P.2d at 923.

This Court's decision in *Jakoski* and the Supreme Court's decision in *Jakoski* were issued after Moon filed his motion to withdraw his guilty plea. However, this Court's *Jakoski* opinion, which was affirmed by the Supreme Court, did not create a new law or overrule past precedent. The Supreme Court stated that the "issue in this case is whether the district court had jurisdiction to consider Jakoski's motion to withdraw his guilty plea. This Court has long recognized that a court's jurisdiction to amend or set aside the judgment in a case does not continue forever." *Jakoski*, 139 Idaho at 354, 79 P.3d at 713. The Supreme Court then listed multiple opinions holding that a court loses jurisdiction over matters after the time for appeal has expired. *See Boyd v. Steele*, 6 Idaho 625, 59 P. 21 (1899); *State ex rel. Conner v. Ensign*, 38 Idaho 539, 223 P. 230 (1924); *Mathers v. Mathers*, 42 Idaho 821, 248 P. 468 (1926); *McAllister v. Erickson*, 45 Idaho 211, 261 P. 242 (1927); *State v. Neil*, 58 Idaho 359, 74 P.2d 586 (1937); *State v. Johnson*, 75 Idaho 157, 269 P.2d 769 (1954); *State v. Iverson*, 79 Idaho 25, 310 P.2d 803 (1957); *Paul v. Paul*, 97 Idaho 889, 556 P.2d 365 (1976); *State v. Chapman*, 121 Idaho 351, 825 P.2d 74 (1992). The Supreme Court summarized those opinions and held that, unless a statute or rule extends a court's jurisdiction, the court loses jurisdiction to amend or set aside a judgment once the judgment becomes final. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. The Supreme Court concluded that, because Rule 33(c) does not include a provision extending a court's jurisdiction, the district court lacked jurisdiction to consider Jakoski's Rule 33(c) motion.

We conclude that the Supreme Court's opinion in *Jakoski* clarified existing law regarding jurisdiction as it applies to motions to withdraw guilty pleas. Because *Jakoski* did not create a new law or overrule past precedent, we need not consider applicable cases governing retroactivity. Therefore, Moon has failed to demonstrate that the district court abused its discretion by applying the holding in *Jakoski* to his motion and amended motion to withdraw his guilty plea.

Since we affirm the district court's order denying Moon's motion to withdraw guilty plea on the ground that the district court lacked jurisdiction to consider the motion, we need not address Moon's argument on the alternative ground that the district court created a manifest injustice by denying the motion on the merits.

### III.

### CONCLUSION

The holding in *Jakoski* did not create new law or overrule past precedent and, thus, rules governing retroactivity do not apply. Therefore, Moon has failed to establish that the district court .abused its discretion by denying his motion and amended motion to withdraw his guilty plea. Accordingly, the district court's order denying Moon's motion to withdraw guilty plea is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, concur.