**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40538**

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 453 |
| | ) |
| Plaintiff-Respondent, | ) Filed: April 6, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| MONTE CURTIS MOON, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order of the district court denying I.C.R. 35 motion, <u>reversed</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.
_____

GRATTON, Judge

Monte Curtis Moon appeals the denial of his motion to correct an illegal sentence. He argues that the district court lacked subject matter jurisdiction to impose any sentence resulting from his 1996 escape charge. He argues that his conduct, removing an ankle monitor while under "house arrest" and absconding, did not constitute the crime of escape at the time he engaged in that conduct and that he has used a proper procedure to raise this claim. We reverse and remand.

## I.

## BACKGROUND

In 1995, Moon was originally charged with statutory rape. While charges were pending, he fled to Wyoming and failed to appear at a court hearing. In 1996, Moon was apprehended and a new bond was imposed. Moon originally sought a bond reduction, but eventually requested and was placed on house arrest. As a condition of house arrest, Moon was ordered to wear an

1

ankle monitor. While on house arrest, Moon removed his ankle monitor and absconded. The State charged Moon with the crime of escape, Idaho Code § 18-2505. Moon pleaded guilty to both escape and statutory rape and was sentenced in 1997. As to the statutory rape charge, Moon was sentenced to a unified term of fourteen years, with seven years fixed. As to the escape charge, Moon was sentenced to a unified term of five years, with three years fixed. The escape sentence was imposed to run consecutively to the statutory rape charge. However, the court retained jurisdiction as to both charges. Moon returned from retained jurisdiction with a recommendation that the court relinquish jurisdiction, but the court ordered probation. In 1998, approximately four months after being placed on probation, Moon violated his probation by, *inter alia*, consuming alcohol and driving under the influence when his passenger died in a vehicular collision. On this basis, the court revoked probation and executed the underlying sentences.

Over the years, Moon has filed various motions attacking his escape conviction. Our record of these prior proceedings is *limited* and has been gleaned, in part, from the registers of action in the district court and in this Court. In 1998, it appears that Moon filed two motions pursuant to Rule 35. One was a motion for leniency, which was denied by the district court. We affirmed the denial in an unpublished opinion, *State v. Moon*, Docket No. 25393 (Ct. App. Feb. 23, 2000). In 2002, Moon filed a motion to correct an illegal sentence pursuant to Idaho Criminal Rule 35. After it was denied, Moon attempted to file an appeal, but it was dismissed as untimely. Also in 2002, Moon filed a motion to withdraw his guilty plea. In that motion, he alleged that his conduct did not amount to escape. The district court denied the motion, ruling that the court had been divested of jurisdiction to consider a motion to withdraw a guilty plea by the passage of time; Moon appealed the denial. On appeal, this Court rejected Moon's claims and held that the district court properly ruled that it lacked jurisdiction to consider the motion. *State v. Moon*, 140 Idaho 609, 611-12, 97 P.3d 476, 478-79 (Ct. App. 2004).

In 2012, over fifteen years after he was originally sentenced, Moon filed the motion at issue in this appeal. In that motion, which was filed pursuant to I.C.R. 35, Moon claimed that his sentence is illegal in that the trial court lacked subject matter jurisdiction. The district court denied Moon's motion in a short ruling, citing *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991) and holding that a Rule 35 motion may not be used to collaterally attack the validity of a conviction.

Moon filed a timely appeal challenging the district court's denial of his motion. He argues that the district court lacked subject matter jurisdiction to enter the original judgment of conviction and contends that he was permitted to challenge subject matter jurisdiction using a Rule 35 motion.

## II.

## ANALYSIS

Generally, Idaho Criminal Rule 35(a) permits a defendant to challenge an "illegal sentence." Consistent with that purpose, Idaho courts have previously held that Rule 35 may not be used to attack the validity of a "conviction." *See, e.g.*, *Housley*, 119 Idaho at 889, 811 P.2d at 499. Relying upon this rule, the district court held that Moon's most recent Rule 35 motion was procedurally improper. It reasoned that an attack on subject matter jurisdiction amounted to an attack on the validity of Moon's conviction.

Given recent changes in Idaho law, we conclude that the district court's holding was erroneous. Two Idaho Supreme Court decisions expressly authorize a defendant to bring a subject matter jurisdiction claim through a Rule 35(a) motion. In *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011), the Court held that "where a court properly has jurisdiction to consider a case--as it does here to consider Lute's I.C.R. 35 motion--and it is apparent that there is an issue concerning subject matter jurisdiction . . . this Court must correct that error." More recently, that holding was reaffirmed in *State v. Wolfe*, ___ Idaho ___, 343 P.3d 497 (2015). In *Wolfe*, the Court clarified the standards and procedural limitations imposed when a defendant challenges subject matter jurisdiction, using Rule 35 as the procedural vehicle to bring the claim.

In light of *Lute* and *Wolfe*, we are constrained to hold that the district court erred by summarily denying Moon's Rule 35 motion. We note that our record is insufficient to determine which, if any, of the procedural limitations described in *Wolfe* may apply in this case. Therefore, we must remand this case to the district court for further proceedings consistent with the holding in *Wolfe*.

Accordingly, we reverse the decision of the district court denying Moon's Rule 35 motion to correct an illegal sentence and remand.

Judge GUTIERREZ **CONCURS.**

Judge Pro Tem SCHWARTZMAN, **SPECIALLY CONCURRING**

3

I concur in the opinion of the Court. I write separately to highlight and articulate some of the legal ironies associated with this case:

1. Since at least 2002, Moon has been attempting to raise the jurisdictional issue that his conduct charged in the Information--removing a home monitor device and escaping while under house arrest--did not amount to the crime of "escape" as defined by statute. To date, no court has ruled on the substantive merits of his claim.

2. Given the permutations of the *Wolfe* decision and the doctrine of res judicata as expressed therein, no court may ever reach a decision on the merits.

3. Even if a decision is forthcoming sometime in the future, it will have virtually no or little effect on Moon's incarceration status as his sentence on the escape charge has been almost served to completion.

4. Any decision on the merits would have absolutely no precedential effect or value, as the state statute was amended in 2007 to specifically cover this type of conduct.

Nevertheless, a close reading of the following Idaho cases: *State v. Rocque*, 104 Idaho 445, 660 P.2d 57 (1983); *State v. Swisher*, 125 Idaho 797, 874 P.2d 608 (Ct. App. 1994); *State v. Climer*, 127 Idaho 20, 896 P.2d 346 (Ct. App. 1995); *State v. Shanks*, 139 Idaho 152, 75 P.3d 206 (Ct. App. 2003), in conjunction with the order placing Moon under house arrest,[1] leads me to believe that Moon's claim has persuasive substantive merit. Whether this may be of any legal consolation to Moon, I cannot say.

Further, your Idaho jurist sayeth naught.

---

[1] The relevant portions of the order read as follows:

> IT IS HEREBY ORDERED that the Defendant, Monte C. Moon, shall be immediately released from the custody of the Bannock County Sheriff and placed on house arrest. The Defendant shall reside at [his address].
> IT IS FURTHER ORDERED that the Defendant shall pay the regular home monitor fees for the period of time he is on house arrest, but the fees shall not exceed the sum of Two Hundred Ten Dollars and no/100 ($210.00) for whatever time said Defendant is on house arrest.
> IT IS FURTHER ORDERED that this release is in effect, pending further order of this Court. Any violation of the home monitor program by the Defendant shall result in an immediate revocation of this Order, and the Defendant shall be immediately remanded back to the custody of the Bannock County Sheriff.

4