(No. 28952.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND ,HAMEL, Plaintiff in Error.

*Opinion filed January 23, 1946.*

RAYMOND HAMEL, *pro se.*

· GEORGE F. BARRETT, Attorney General, and ALEXANDER J. STROM, State's Attorney, of Belvidere, for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

An indictment returned in the circuit court of Boone county charged Raymond Hamel, plaintiff in error herein, and Henry J. Gellach, with the crime of burglary. Hamel pleaded guilty and brings the common-law record here by

writ of error for review. The contention that the penalty imposed on the plea of guilty was in violation of an agreement plaintiff in error had with the officers that the penalty was to be less than the one given, cannot be considered. The reason is that any agreement, if one was entered into, is not a part of the common-law record.

The other assignments of error refer to the judgment of conviction and the order of commitment to the penitentiary. Plaintiff in error and his counsel appeared before the court on March 6, 1940, and tendered a plea of guilty. His rights were fully explained and the plea accepted. The record shows he was adjudged guilty and sentenced "to the penitentiary at Joliet for the period of fifteen years." The next matter appearing in the record is that on March 19 he was before the court a second time. On the latter date, the judgment of March 6 was vacated and a judgment entered adjudging him guilty of burglary and committing him to the penitentiary for one year to life.

It is obvious the error in the judgment of March 6, fixing the penalty at fifteen years in the penitentiary, was noticed and the second judgment was entered to correct such error and impose a penalty of one year to life in accordance with the statute. (Ill. Rev. Stat. 1945, chap. 38, par. 84.) During the period of thirty days following the entry of the judgment of March 6, the court had jurisdiction to correct the error, provided plaintiff in error had not started upon the execution of the sentence. The law is that the power which a court may exercise over its judgments for thirty days following their entry (formerly during the term at which entered) does not apply to criminal cases where the defendant has commenced his sentence. (*People ex rel. Ewald* v. *Montgomery*, 377 Ill. 241; *People ex rel. Fensky* v. *Leinecke*, 290 Ill. 560; *People ex rel. Huber* v. *Whitman*, 277 Ill. 408; *People ex rel. Lucey* v. *Turney*, 273 Ill. 546.) In this case it appears that plain-

tiff in error was removed to the penitentiary pursuant to the command of the judgment of March 6. He was taken to the prison March 18, given a register number, civilian clothes removed, dressed in prison garb and placed in a cell. Other prison routine necessary to a prisoner's entry was carried out. On the same day he was taken from the prison cell and his civilian clothes returned to him. He was taken back and lodged in the county jail of Boone county, and the following day was brought before the court and the second judgment entered, committing him for one year to life.

Under these facts it must be held that plaintiff in error had started on his sentence imposed by the judgment of March 6, and that on March 19 the court was without jurisdiction to vacate the former judgment and resentence him. (*People* v. *Turney*, 273 Ill. 546.) The judgment of March 19, entered without jurisdiction, was of no effect. The judgment of March 6 was in due form and was proper except that it imposed the wrong penalty. All the requirements necessary to the acceptance of a plea of guilty appear to have been met. Under such circumstances, plaintiff in error is not entitled to have his plea of guilty set aside and to replead. However, he does have the right to have a proper sentence imposed on his plea. (*People* v. *Wood*, 318 Ill. 388; *People* v. *Boer*, 262 Ill. 152.) For the reasons assigned, the judgment is reversed and the cause is remanded to the circuit court of Boone county with leave to the State's Attorney to move the court for the entry of a proper judgment upon the verdict and with directions to the court to allow such motion and resentence plaintiff in error.

*Reversed and remanded, with directions.*